UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

RODNEY PERRY,

    Plaintiff,

v.                                          Case No. 18-C-2382

DUSHAN ZATECKY,

    Defendant.

## ENTRY AND ORDER DISMISSING ACTION

On August 3, 2018, Rodney S. Perry, Sr., an inmate at the Pendleton Correctional Facility, filed this petition for a writ of habeas corpus challenging the handling of a disciplinary proceeding held on April 12, 2018. Perry was found guilty of possession of a deadly weapon, resulting in six months of disciplinary segregation. Perry alleges that he should not have been found guilty of violating prison rules because he was denied access to requested evidence, was not provided a lay advocate during the proceeding, and the explanation provided for the disciplinary action taken was insufficient. ECF No. 3. Although Perry has failed to pay the $5 filing fee for habeas petitions, the court will waive the filing fee and proceed immediately to screening so as to minimize time and resources devoted to a case that clearly lacks merit.

The administrative records show that Perry was not sanctioned with any loss of good-time credit or demotion in credit class. ECF 2. Because Perry was not subject to a sanction affecting the duration of his incarceration, he does not satisfy the custody requirement of 28 U.S.C. § 2254. *Montgomery v. Anderson*, 262 F.3d 641, 643-44 (7th Cir. 2001). For the reasons stated below, this

petition **is denied** and this action is dismissed pursuant to Rule 4 of the *Rules Governing Section 2254 Proceedings in the United States District Court.*

Rule 4 provides that, upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.*

"A prisoner challenging the process he was afforded in a prison disciplinary proceeding must meet two requirements: (1) he has a liberty or property interest that the state has interfered with; and (2) the procedures he was afforded upon that deprivation were constitutionally deficient." *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007). If a habeas petitioner has suffered the deprivation of a protected liberty interest the procedural protections delineated in *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974), are applicable and the decision must be supported by "some evidence." *Superintend. Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

In order to proceed, Perry must meet the "in custody" requirement of § 2254(a). Meeting this requirement is a matter of jurisdictional significance. *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (per curiam). "[T]he inquiry into whether a petitioner has satisfied the jurisdictional prerequisites for habeas review requires a court to judge the 'severity' of an actual or potential restraint on liberty." *Poodry v. Tonawanda Band of Seneca Indians*, 85 F.3d 874, 894 (2d Cir. 1996). A sanction which does not constitute "custody" cannot be challenged in an action for habeas corpus relief. *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001).

2

Perry alleges that the challenged disciplinary proceeding resulted in six months of disciplinary segregation in addition to a 30 day loss of phone, kiosk, and commissary privileges. ECF No. 2. This sanction is non-custodial. *See i.e., Cochran v. Buss, 381 F.3d 637, 641* (7th Cir. 2004) (loss of preferred prison living arrangement, prison job and eligibility for rehabilitative programs are not sufficient consequences of a disciplinary proceeding to require due process); *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976) (stating that not every prison action that adversely affects the prisoner requires due process, such as a transfer to a substantially less agreeable prison and an unfavorable classification for rehabilitative programs). When no recognized liberty or property interest has been taken, which is the case here, the confining authority "is free to use any procedures it chooses, or no procedures at all." *Montgomery v. Anderson*, 262 F.3d 641, 644 (7th Cir. 2001). Accordingly, there is no viable due process claim asserted in Perry's complaint (ECF No. 3) and the action is **summarily dismissed** pursuant to Rule 4.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Dated this   9th   day of August, 2018.

s/ William C. Griesbach  
William C. Griesbach, Chief Judge[*]  
United States District Court - WIED

---

[*] Of the Eastern District of Wisconsin, sitting by designation.